UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **INVESTA MANAGEMENT COMPANY, LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| **MATTHEW NICHOLSON,** 8601 Beverly Blvd. Los Angeles, CA 90048 | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Investa Management Company, LLC (hereinafter "Investa"), states as follows for its Complaint against Defendant Matthew Nicholson ("Nicholson"):

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Investa Management Company is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis County, Missouri.

2. The sole member of Investa is Carl Bolm. Mr. Bolm resides in Missouri.

3. Upon information and belief, Defendant Matthew Nicholson is a citizen of California residing in Los Angeles, California.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the diversity of citizenship of the parties and the fact that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Investa is a citizen of Missouri, and Defendant is not a citizen of Missouri.

5. Thus, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional threshold in that Investa seeks to recover an outstanding balance of a promissory note with an amount due and owing of more than $75,000. Additionally, Investa seeks to recover its attorney's fees and costs, which are included in the amount in controversy. *See, e.g., Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). Investa's claims exceed the jurisdictional threshold.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Investa's claims occurred in this District. In addition, venue is proper in this District because, as a limited liability company with its principal place of business in St. Louis County, Missouri (which is located in this District), Investa suffered injury, and continues to suffer injury, in this District as a result of Defendant's wrongful conduct. Furthermore, this Court has jurisdiction over Defendant pursuant to a forum selection clause contained in paragraph 16 of the Investa Note (defined herein).

## BACKGROUND FACTS COMMON TO ALL COUNTS

7. On or about August 10, 2019, Digital Medical Tech, Inc. ("Digital Medical Tech") and DMTI Capital Partners, LLC ("DMTI") entered into a Management Services Agreement (the "MSA") under which Digital Medical Tech engaged DMTI to provide certain services and information described by Exhibit A therein (the "Management Services"). A true and accurate copy of the MSA is attached hereto as **Exhibit 1.**

8. On or about January 1, 2020, DMTI assigned and transferred all of DMTI's rights and obligations under the MSA to Investa, and Investa agreed to accept such rights and perform such obligations pursuant to that certain Assignment and Assumption Agreement dated January 1, 2020 (the "Assignment"). As reflected in the Assignment, Digital Medical Tech consented to the Assignment. A true and accurate copy of the Assignment is attached hereto as **Exhibit 2.**

9. On or about March 17, 2021, Digital Medical Tech and Investa executed an Amendment to the MSA (the "Amendment"). A true and accurate copy of the Amendment is attached hereto as **Exhibit 3.**

10. Pursuant to the MSA, Investa performed Management Services for Digital Medical Tech and incurred reimbursable expenses on behalf of Digital Medical Tech in accordance with the MSA.

11. In consideration for Investa performing the Management Services for Digital Medical Tech and incurring reimbursable expenses on behalf of Digital Medical Tech, the MSA provides that Digital Medical Tech is required to pay fees as well as reimburse expenses incurred on behalf of Digital Medical Tech.

12. As of March 22, 2021, such fees and reimbursable expenses totaled $280,377.26, of which $240,000 represented unpaid fees and the remainder represented unreimbursed reimbursable expenses Investa incurred pursuant to the MSA. Such amount was past due, and Investa required additional assurances in order to continue performing Management Services under the MSA and to refrain from pursuing a breach of contract claim against Digital Medical Tech for its failure to pay this contractually owed amount.

13. To provide such assurances and to fund the amount Digital Medical Tech owed to Investa under the MSA, on or about March 22, 2021, for valuable consideration, Digital Medical Tech and Nicholson executed a Promissory Note in the original principal amount of $280,377.26 in favor of Investa, as lender (the "**Investa Note**"). A true and accurate copy of the Investa Note is attached hereto as **Exhibit 4.**

14. Pursuant to the Investa Note, Investa loaned to Defendant and Digital Medical Tech $280,377.26, and Defendant and Digital Medical Tech, jointly and severally, agreed to pay to Investa all amounts payable pursuant to the Investa Note.

15. As the founder, the controlling shareholder, a director, the Chief Executive Officer, and a co-signor for other obligations of Digital Medical Tech, Nicholson had a vested interest in the continued operations of Digital Medical Tech and benefitted, directly and indirectly, from the Investa Note.

16. The Investa Note matured on December 31, 2021 (the "Maturity Date"), at which time all outstanding amounts thereunder became due and payable.

17. No payment on the Investa Note was made upon its maturity on the Maturity Date or at any time thereafter.

18. Pursuant to the Investa Note, any failure to pay any amount thereunder when due carries a late charge equal to 7% of the amount payable, and upon the occurrence of an Event of Default, the Investa Note began accruing interest at a rate of 15% per annum.

19. By letter dated February 25, 2022, Investa, in writing, (a) provided notice to Defendant that the Investa Note remained unpaid notwithstanding its maturity on the Maturity Date, (b) provided notice to Defendant that an Event of Default (as defined under the Investa Note) had occurred and was existing, (c) declared the balance of the Investa Note immediately due and payable and (d) demanded that Defendant pay the unpaid principal balance under the Investa Note, together with accrued interest and any other amounts due under the Investa Note (the "**Investa Note Demand Letter**"). A true and accurate copy of the Investa Note Demand Letter is attached hereto as **Exhibit 5**.

20. Despite assurances from Nicholson that a written proposal was forthcoming and multiple deadline extensions by Investa, Investa did not receive any substantive response to the Investa Note Demand Letter or any payment of any amount outstanding thereunder.

21. Investa is, and at all times has been, the holder of the Investa Note.

22. Defendant has failed and refused to pay the indebtedness owing to Investa pursuant to the Investa Note (said indebtedness is referred to as the "Indebtedness"), which Indebtedness, excluding collection costs, as of March 24, totals $332,992.16, which is calculated as follows: $280,377.26 in principal, $31,456.02 in accrued interest, and $21,158.88 in late fees.

23. Defendant is obligated to pay all of Investa's costs, fees, late charges, attorneys' fees, and expenses incurred in connection with enforcement of the Investa Note.

24. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

25. Investa has been damaged by Defendant's refusal to pay the Indebtedness.

## COUNT I
## BREACH OF INVESTA NOTE

26. Plaintiff re-alleges and incorporate by reference Paragraphs 1 through 25 of this Complaint in Count I as if fully set forth herein.

27. The Investa Note is valid and enforceable against Defendant or Digital Medical Tech and was signed by Defendant and Digital Medical Tech.

28. An Event of Default has occurred and is existing under the Investa Note on account of Defendant's and Digital Medical Tech's failure and refusal to make required payments under the Investa Note.

29. By letter dated February 25, 2022, Investa formally notified Defendant of the Event of Default under the Investa Note on account of Defendant's and Digital Medical Tech's failure and refusal to make required payments under the Investa Note.

30. Despite Investa's demand, Defendant and Digital Medical Tech have failed and refused to repay the amount due and owing under the Investa Note and remain in breach of the Investa Note.

31. All conditions precedent to Investa's right to recover under the Investa Note have been satisfied, waived or excused.

32. Under the terms of the Investa Note, Defendant and Digital Medical Tech, jointly and severally, agreed to pay all of Investa's costs and expenses, including attorneys' fees and legal expenses, incurred in connection with the enforcement of the Investa Note, in addition to the outstanding principal and interest (including default rate interest) and late fees.

33. As of the date of this filing, the amounts due and owing under the Investa Note by Defendant and Digital Medical Tech to Investa as a result of their default under and breach of the Investa Note included $280,377.26 in outstanding principal, $31,456.02 in accrued and unpaid interest, and $21,158.88 in late fees, with per diem interest of $115.22 continuing to accrue, plus Investa's attorneys' fees, legal expenses, court costs, and any other costs and expenses incurred in connection with enforcement of the Investa Note, as allowed under the Investa Note.

34. Accordingly, Investa has been damaged as a result of Defendant's breach of the Investa Note.

35. It has been and is necessary for Investa to attempt to collect the amounts due and owing under the Investa Note and to institute this action to collect the amounts due under the Investa Note, and Investa has been compelled to and has employed Armstrong Teasdale LLP to

attempt to collect the amounts due and owing under the Investa Note and to institute and prosecute this action, and, therefore, Investa is entitled to recover its attorneys' fees, legal expenses, and court costs incurred in attempting to collect the amounts due and owing under the Investa Note and in instituting and prosecuting this action, and/or other sums provided by law for the services of said attorneys incurred in connection with attempting to collect the amounts due and owing under the Investa Note and in instituting and prosecuting this action.

WHEREFORE, Plaintiff Investa requests that this Court enter judgment in its favor against Defendant Nicholson for all amounts due and owing under the Investa Note, all costs, expenses, attorneys' fees and legal expenses incurred by Plaintiff Investa in connection with its collection efforts, including this lawsuit; and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: *s/ Brian Kaveney*
Brian Kaveney, #58310MO
Joseph Goff, #63832MO
Mark Ohlms, #69262MO
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (Facsimile)
bkaveney@atllp.com
jgoff@atllp.com
mohlms@atllp.com

**ATTORNEYS FOR PLAINTIFF**