UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INVESTA MANAGEMENT COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW NICHOLSON, <br><br> Defendant. | Case No. 4:22-CV-00369 SEP |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Investa Management Company LLC's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. [15]. For the reasons set forth below, the Motion is granted.

**I.   Factual and Procedural Background**

The following facts, taken as true, are alleged in the Complaint. On August 10, 2019, Digital Medical Tech and DMTI Capital Partners, LLC, entered into a Management Services Agreement (MSA) pursuant to which Digital Medical engaged DMTI to provide management services. Doc. 1 ¶ 7. On January 1, 2020, DMTI assigned and transferred all of its rights and obligations under the MSA to Investa. *Id*. ¶ 8. In consideration for Investa performing management services, the MSA required that Digital Medical pay Investa fees for such services and reimburse expenses. *Id*. ¶ 11. As of March 22, 2021, the fees and reimbursable expenses totaled $280,377.26, of which $240,000.00 is unpaid fees and the remainder unreimbursed expenses. *Id*. ¶ 12. Because Digital Medical failed to pay the amount due, Investa required assurances of payment in order to continue providing services, and on March 22, 2021, Digital Medical and Matthew Nicholson, its Chief Executive Officer, executed a promissory note (the Note) for $280,377.26, in favor of Investa. *Id*. ¶ 13.

Pursuant to the Note, Defendant Nicholson, with Digital Medical, jointly and severally agreed to pay the amount due under the Note to Investa. *Id*. ¶ 14. The Note matured on December 31, 2021, at which time all amounts became due and payable. *Id*. ¶ 16. Neither

Digital Medical nor Defendant has yet paid any of the amounts due under the Note. *Id*. ¶ 17. Pursuant to the terms of the Note, any failure to pay carries a late charge equal to 7% of the amount payable, and upon default the Note accrues interest at a rate of 15% per annum. *Id*. ¶ 18. On February 25, 2022, Investa provided notice to Defendant that the Note was overdue and demanded payment. *Id*. ¶ 19.

Plaintiff filed this action on March 30, 2022, bringing one count for breach of the Note and seeking as relief payment of all amounts due, plus attorneys' fees and costs related to enforcement of the Note. Doc. [1]. On April 21, 2022, Investa served the Complaint on Defendant, and notice of proof of service was filed with the Court on April 27, 2022. Doc. [11]. Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file a responsive pleading within twenty-one days. Response was due by May 13, 2022, but Defendant has not filed an Answer or otherwise contested the Complaint. Clerk's Entry of Default (Doc. [14]) was entered against Defendant on June 9, 2022, and Plaintiff filed the instant Motion for Default Judgment on June 15, 2022. Defendant has not responded to the entry of default or the Motion for Default Judgment.

**II.     Legal Standard**

Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Before the Court may enter a default judgment setting forth the declaration a plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the Complaint and the substantive merits of the plaintiff's claims, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).

2

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).  However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").  The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc*., 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

### III.    Discussion

To establish a claim for breach of a promissory note under Missouri law, a plaintiff must establish (1) the existence of a valid promissory note signed by the maker; (2) a remaining balance due; and (3) a demand on the maker for payment that has been made and refused. *The Bus. Bank of St. Louis v. Apollo Invs., Inc*., 366 S.W.3d 76, 80 (Mo. Ct. App. 2012).

Upon review of the documentary evidence, including Plaintiff's complaint, the related exhibits, and briefing, the Court is satisfied with the sufficiency of the Complaint and the substantive merits of Plaintiff's claims, as well as the amounts alleged to be due. *See Murray*, 595 F.3d at 871.  *See also* Doc. [1-1] (signed Management Services Agreement); Doc. [1-2] (signed Assignment Agreement); Doc. [1-3] (signed Amendment to the MSA); Doc. 1-4] (signed Investa Note); Doc. [1-5] (Demand Letter).  Plaintiff submits the Declaration of John Davis, the Director of Finance and Accounting at Investa, in which he affirms that he is familiar with the Note and related documents, that true and accurate copies of the same were filed with the Court, and that Defendant has made no payment of amounts due under the Note.  *See* Doc. [16-1].  The Note indicates that Defendant agreed to pay $280,377.26 in outstanding principal, as well as all late fees, interest, plus Investa's costs and expenses, including attorneys' fees and legal expenses incurred in connection with enforcement of the Note.  Doc. [1-4].

Based on the documentation and declaration submitted by Plaintiff, the Court finds that Defendant was bound at all relevant times by a valid and enforceable promissory note, and that he breached his obligations by failing to timely pay the required amounts due thereunder after demand for payment was made by Investa. Plaintiff has thus established that Defendant owes $280,377.26 in unpaid outstanding principal, $42,747.88 in accrued and unpaid interest as of June 30, 2022, and $21,158.88 in late fees.

Plaintiff also seeks attorneys' fees and costs. In a diversity case such as this one, federal courts follow state law regarding an award of attorneys' fees, absent conflict with a federal statute. *See Schaefer v. Spider Staging Corp.*, 275 F.3d 735, 739 (8th Cir. 2002). The general rule in Missouri is that attorneys' fees are recoverable when they are provided for by contract. *SSM Managed Care Organization, LLC v. Comprehensive Behavioral Care, Inc.*, 2014 WL 1389581, at *3 (E.D. Mo. Apr. 9, 2014). Here, the Note states that Defendant "shall pay to [Investa] all costs and expenses incurred in connection with efforts to collect any amount payable hereunder, together with attorneys' fees and expenses." Doc. [1-4] § 10(f).

Plaintiff also submits the declaration of one of its attorneys, Joseph Goff, of Armstrong Teasdale LLP. *See* Doc. [16-2]. Mr. Goff states that Armstrong professionals have worked a total of 30.8 hours representing Investa in connection with enforcing the Note. *Id.* at 2. Mr. Goff also states that the billable rates of attorneys at the firm who worked on this matter ranged from $315.00 to $600.00 per hour, which is within the range of rates charged by comparably skilled attorneys at similar firms in the St. Louis, Missouri, metropolitan area. *Id.* Mr. Goff indicates that Investa has incurred a total of $13,946.00 in attorneys' fees directly attributable to enforcement of the Note, plus $217.04 in related costs. *Id.*

The Court has reviewed the description of the work performed by Armstrong Teasdale professionals on this case, the number of hours spent on that work, and the rates charged, and concludes that the nature of services, the amount of time involved, and the hourly rates are reasonable. Therefore, Plaintiff is entitled to the attorneys' fees and costs it has incurred in this matter in the amount of $14,163.04.

**IV.     Conclusion**

Upon review of the record, the Court finds that Plaintiff has provided sufficient evidence to support its motion. Adding together all the amounts due, Defendant owes Plaintiff a total of $358,447.06.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [15], is **GRANTED**.

A separate Default Judgment shall accompany this Memorandum and Order.

Dated this 19th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE